IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARNOLD PARSON,                          :
                                        :
          Petitioner                    :
                                        :       CIVIL NO. 1:11-CV-1440
                                        :
     v.                                 :       Hon. John E. Jones III
                                        :
                                        :
ERIC HOLDER, *et al.*,                  :
                                        :
          Respondents                   :

## MEMORANDUM

August 16, 2011

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

On August 5, 2011, Petitioner Arnold Parson ("Petitioner" or "Parson"), a

former detainee of the United States Immigration and Customs Enforcement ("ICE")

Office, who then was confined at the York County Correctional Facility in York,

Pennsylvania, commenced the above action *pro se* by filing a Petition for Writ of

Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) He

challenged his continued detention by ICE under *Zadvydas v. Davis*, 533 U.S. 678

(2001) pending his removal from the United States, and he sought his immediate

release from custody. (*Id.*) By Order dated August 9, 2011, we directed service of

the Petition on Respondents and directed the filing of an answer within twenty-one

(21) days.  (Doc. 3.)

On August 15, 2011, the copy of our service order that had been mailed to Parson at the York County Correctional Facility was returned to the Court with a notation that the mail is undeliverable and that no forwarding address is available. (*See* Doc. 4.)  The Court then performed a search for Parson on the ICE Online Detainee Locator System and confirmed that Parson no longer is in ICE custody.[1]

## DISCUSSION

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings.  Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.*

---

[1]*See* ICE Online Detainee Locator System, available at http://locator.ice.gov/

at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects."  *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."  *Lane v. Williams,* 455 U.S. 624, 631 (1982).  In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot.  *Burke v. Gonzales*, 143 Fed. Appx. 474 (3d Cir. 2005); *Gopaul v. McElroy*, 115 Fed. Appx. 530 (3d Cir. 2004).  Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot.  *See Lindaastuty v. Attorney General*, 186 Fed. Appx. 294 (3d Cir. 2006).

In the instant case, because Parson no longer is in ICE custody, his request for release from ICE custody pending the completion of removal proceedings is entirely moot, and the dismissal of his Petition as moot is appropriate.  An appropriate Order will enter.